IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LBS INNOVATIONS, LLC, § § *Plaintiff,* § § v. § § ALFRED ANGELO, INC.; § BEN & JERRY'S HOMEMADE HOLDINGS, § INC.; § DENNY'S, INC. D/B/A DENNY'S § RESTAURANTS, INC.; § JO-ANN STORES, INC.; § PILOT TRAVEL CENTERS LLC; § RANDALL'S FOOD & DRUGS LP; § SAFEWAY, INC. D/B/A TOM THUMB; and § THE CHEESECAKE FACTORY § RESTAURANTS, INC., § § *Defendants.* § § § | Civil Action No. _____  Jury Trial Demanded |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff LBS Innovations, LLC files this Complaint against Alfred Angelo, Inc. ("Alfred Angelo"); Ben & Jerry's Homemade Holdings, Inc. ("Ben & Jerry's"); Denny's, Inc. d/b/a Denny's Restaurants, Inc. ("Denny's"); Jo-Ann Stores, Inc. ("Jo-Ann Stores"); Pilot Travel Centers LLC ("Pilot"); Randall's Food & Drugs LP ("Randall's"); Safeway, Inc. d/b/a Tom Thumb ("Tom Thumb"); and The Cheesecake Factory Restaurants, Inc. ("The Cheesecake Factory") (collectively, "Defendants") and alleges as follows:

## PARTIES

1. Plaintiff LBS Innovations, LLC ("LBSI") is a Texas Limited Liability Company with its principal place of business at 815 Brazos Street, Suite 500, Austin, Texas 78701.

2. Upon information and belief, Alfred Angelo is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at 1301 Virginia Drive, Suite 110, Ft. Washington, Pennsylvania  19034.  Alfred Angelo may be served with process through its registered agent CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas  75201.

3. Upon information and belief, Ben & Jerry's is a corporation organized and existing under the laws of the State of Vermont, with its principal place of business located at 30 Community Drive, South Burlington, Vermont  05403-6828.  Ben & Jerry's may be served with process at 30 Community Drive, South Burlington, Vermont  05403-6828.

4. Upon information and belief, Denny's is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 203 East Main Street, Spartanburg, South Carolina  29319.  Denny's may be served with process through its registered agent CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas  75201.

5. Upon information and belief, Jo-Ann Stores is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 5555 Darrow Road, Hudson, Ohio  44236.  Jo-Ann Stores may be served with process through its registered agent CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas  75201.

6. Upon information and belief, Pilot is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 5508 Lonas Drive, Knoxville, Tennessee  37909.  Pilot may be served with process through its registered agent CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas  75201.

7. Upon information and belief, Randall's is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 3663 Briar Park, Houston, Texas 77042. Randall's may be served with process through its registered agent Bob L. Gowens, 3663 Briar Park, Houston, Texas 77042.

8. Upon information and belief, Tom Thumb is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 3663 Briar Park, Houston, Texas 77042. Tom Thumb may be served with process through its registered agent Scott Peterson, 14303 Inwood Road, Dallas, Texas 75244.

9. Upon information and belief, The Cheesecake Factory is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 26901 Malibu Hills Road, Calabasas Hills, California 91301. The Cheesecake Factory may be served with process through its registered agent Corp. Service Corp. d/b/a CSC-Lawyers, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

10. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

11. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. Upon information and belief, each of the Defendants is subject to this Court's general and/or specific personal jurisdiction because it (a) is a resident of the State of Texas; and/or (b) has designated an agent for service of process in the State of Texas; and/or (c) has committed acts of infringement in the State of Texas as alleged below; and/or (d) is engaged in continuous and systematic activities in the State of Texas. Therefore, this Court has personal

jurisdiction over each of the Defendants under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

13. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each of the Defendants has a regular and established place of business in this district, and/or has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## THE PATENT-IN-SUIT

14. On July 18, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,091,956 ("the '956 patent") entitled "Situation Information System," a true copy of which is attached as Exhibit A.

15. LBSI is the owner by assignment of the '956 Patent and owns all right, title and interest in the '956 Patent, including the right to sue for and recover all past, present and future damages for infringement of the '956 Patent.

## CLAIM 1 – INFRINGEMENT OF U.S. PATENT NO. 6,091,956

16. Defendant Alfred Angelo has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented http://www.alfredangelo.com/, which has a store, dealer, or station location interface at http://www.alfredangelo.com/stores/storelocator.aspx ("Store Locator").

17. In addition and/or in the alternative, Alfred Angelo has been and/or is now indirectly infringing more or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator ("End Users") to directly infringe the '956 Patent, including Claim 11, through their use of the infringing

instrumentality.  Alfred Angelo induces such infringement by at least making its website available to End Users and providing links and/or other directions on its website and/or the internet for End Users to visit its Store Locator.  Alfred Angelo engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity encourages End Users to directly infringe the '956 Patent.

18. Defendant Ben & Jerry's has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented http://www.benjerry.com/, which has a store, dealer, or station location interface at http://www.benjerry.com/scoop-shops/scoop-shop-locator ("Store Locator").

19. In addition and/or in the alternative, Ben & Jerry's has been and/or is now indirectly infringing more or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator ("End Users") to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.  Ben & Jerry's induces such infringement by at least making its website available to End Users and providing links and/or other directions on its website and/or the internet for End Users to visit its Store Locator.  Ben & Jerry's engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity encourages End Users to directly infringe the '956 Patent.

20. Defendant Denny's has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented http://www.dennys.com/, which has a store, dealer,

or station location interface at www.dennys.com/stores/#/location and www.dennys.com/#/location ("Store Locator").

21. In addition and/or in the alternative, Denny's has been and/or is now indirectly infringing more or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator ("End Users") to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality. Denny's induces such infringement by at least making its website available to End Users and providing links and/or other directions on its website and/or the internet for End Users to visit its Store Locator. Denny's engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity encourages End Users to directly infringe the '956 Patent.

22. Defendant Jo-Ann Stores has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented http://www.joann.com/, which has a store, dealer, or station location interface at http://hosted.where2getit.com/joann ("Store Locator").

23. In addition and/or in the alternative, Jo-Ann Stores has been and/or is now indirectly infringing more or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Store Locator ("End Users") to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality. Jo-Ann Stores induces such infringement by at least making its website available to End Users and providing links and/or other directions on its website and/or the internet for End Users to visit its Store Locator. Jo-Ann Stores engages in such activities

knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity encourages End Users to directly infringe the '956 Patent.

24. Defendant Pilot has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented http://www.pilotflyingj.com/, which has a store, dealer, or station location interface at http://www.pilotflyingj.com/locations ("Station Locator").

25. In addition and/or in the alternative, Pilot has been and/or is now indirectly infringing more or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to its website and Station Locator ("End Users") to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality. Pilot induces such infringement by at least making its website available to End Users and providing links and/or other directions on its website and/or the internet for End Users to visit its Station Locator. Pilot engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity encourages End Users to directly infringe the '956 Patent.

26. Defendant Randall's has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented http://www.randalls.com/ShopStores/Home.page, which has a store, dealer, or station location interface at http://www.randalls.com/ShopStores/Store-Locator-Results ("Store Locator").

27. In addition and/or in the alternative, Randall's has been and/or is now indirectly infringing more or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to their website and Store Locator ("End Users") to directly

infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality. Randall's induces such infringement by at least making its website available to End Users and providing links and/or other directions on their website and/or the internet for End Users to visit its Store Locator.  Randall's engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity encourages End Users to directly infringe the '956 Patent.

28. Defendant The Cheesecake Factory has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented http://www.thecheesecakefactory.com/, which has a store, dealer, or station location interface at http://www.thecheesecakefactory.com/Locations/locations ("Store Locator").

29. In addition and/or in the alternative, The Cheesecake Factory has been and/or is now indirectly infringing more or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to their website and Store Locator ("End Users") to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality.  The Cheesecake Factory induces such infringement by at least making its website available to End Users and providing links and/or other directions on their website and/or the internet for End Users to visit its Store Locator.  The Cheesecake Factory engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity encourages End Users to directly infringe the '956 Patent.

30. Defendant Tom Thumb has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or

using in the United States the computer implemented http://www.tomthumb.com, which has a store, dealer, or station location interface at www.tomthumb.com/ShopStores/Store-Locator-Results ("Store Locator").

31. In addition and/or in the alternative, Tom Thumb has been and/or is now indirectly infringing more or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271 (b), by inducing visitors to their website and Store Locator ("End Users") to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality. Tom Thumb induces such infringement by at least making its website available to End Users and providing links and/or other directions on their website and/or the internet for End Users to visit its Store Locator. Tom Thumb engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity encourages End Users to directly infringe the '956 Patent.

32. Each of the above named Defendants has used and/or currently uses a business locator service provided by Where 2 Get It, Inc. ("Where 2 Get It") in connection with their respective Store or Station Locators.

33. Because of their use of the business locator service provided by Where 2 Get It in connection with their respective Store or Station Locators, Defendants' actions are part of the same transaction, occurrence, or series of transactions or occurrences and there is a logical relationship between the claims asserted against the Defendants such that there is substantial evidentiary overlap in the facts giving rise to the cause of action against each Defendant.

34. As a direct and proximate consequence of the acts and practices of each of the Defendants in infringing, directly and/or indirectly one or more claims of the '956 Patent, LBSI

has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

35. The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to LBSI.

36. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285, and LBSI is thus entitled to an award of its reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

LBSI, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, LBSI requests entry of judgment that:

1. Defendants have infringed the patent-in-suit;

2. Defendants account for and pay to Plaintiff all damages caused by its infringement of the Patent-in-Suit;

3. Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of the Defendants' patent infringement;

4. The Court declare this an exceptional case and that Plaintiff be granted reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

5. Costs be awarded to Plaintiff; and

6. Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: November 26, 2012   Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:  */s/ Christopher M. Joe*
Eric W. Buether
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Brian A. Carpenter
State Bar No. 03840600
Brian.Carpenter@BJCIPLaw.com
Niky Bukovcan
State Bar No. 24078287
Niky.Bukovcan@BJCIPLaw.com

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone:    (214) 466-1272
Facsimile:    (214) 635-1828

**ATTORNEYS FOR PLAINTIFF
LBS INNOVATIONS, LLC**