**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LBS INNOVATIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ALFRED ANGELO, INC.; BEN & | § | |
| JERRY'S HOMEMADE HOLDINGS, | § | Civil Action No. 2:12-cv-00735-JRG |
| INC.; DENNY'S, INC. D/B/A DENNY'S | § | |
| RESTAURANTS, INC.; JO-ANN | § | Jury Trial Demanded |
| STORES, INC.; PILOT TRAVEL | § | |
| CENTERS LLC; RANDALL'S FOOD & | § | |
| DRUGS LP; SAFEWAY, INC. D/B/A | § | |
| TOM THUMB; and THE CHEESECAKE | § | |
| FACTORY RESTAURANTS, INC., | § | |
| | § | |
| Defendants. | § | |

## DENNY'S INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Denny's, Inc. d/b/a Denny's Restaurants, Inc. ("Denny's" or "Defendant") responds to

LBS Innovations, LLC ("LBSI") Complaint for Patent Infringement as follows:

### PARTIES

#### COMPLAINT ¶1:

Plaintiff LBS Innovations, LLC ("LBSI") is a Texas Limited Liability Company with its
principal place of business at 815 Brazos Street, Suite 500, Austin, Texas 78701.

#### ANSWER:

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 1 of the Complaint, and therefore denies those allegations.

#### COMPLAINT ¶2:

Upon information and belief, Alfred Angelo is a corporation organized and existing
under the laws of the State of Pennsylvania, with its principal place of business located at 1301
Virginia Drive, Suite 110, Ft. Washington, Pennsylvania 19034.  Alfred Angelo may be served

with process through its registered agent CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 2 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶3:**

Upon information and belief, Ben & Jerry's is a corporation organized and existing under the laws of the State of Vermont, with its principal place of business located at 30 Community Drive, South Burlington, Vermont 05403-6828.  Ben & Jerry's may be served with process at 30 Community Drive, South Burlington, Vermont 05403-6828.

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 3 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶4:**

Upon information and belief, Denny's is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 203 East Main Street, Spartanburg, South Carolina 29319.  Denny's may be served with process through its registered agent CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

**ANSWER:**

Denny's denies that it is a corporation organized and existing under the laws of the State

of California.  Denny's admits the remaining allegations in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

Upon information and belief, Jo-Ann Stores is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 5555 Darrow Road, Hudson, Ohio 44236.  Jo-Ann Stores may be served with process through its registered agent CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 5 of the Complaint, and therefore denies those allegations.

2

**COMPLAINT ¶6:**

Upon information and belief, Pilot is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 5508 Lonas Drive, Knoxville, Tennessee 37909.  Pilot may be served with process through its registered agent CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 6 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶7:**

Upon information and belief, Randall's is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 3663 Briar Park, Houston, Texas 77042.  Randall's may be served with process through its registered agent Bob L. Gowens, 3663 Briar Park, Houston, Texas 77042.

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 7 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶8:**

Upon information and belief, Tom Thumb is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 3663 Briar Park, Houston, Texas 77042.  Tom Thumb may be served with process through its registered agent Scott Peterson, 14303 Inwood Road, Dallas, Texas 75244.

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 8 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶9:**

Upon information and belief, The Cheesecake Factory is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 26901 Malibu Hills Road, Calabasas Hills, California 91301.  The Cheesecake Factory may be served with process through its registered agent Corp. Service Corp. d/b/a CSC-Lawyers, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 9 of the Complaint, and therefore denies those allegations.

## JURISDICTION AND VENUE

**COMPLAINT ¶10:**

This is an action for patent infringement arising under the patent laws of the United

States of America, Title 35, United States Code.

**ANSWER:**

Denny's admits that Paragraph 10 purports to bring an action for patent infringement

arising under the patent laws of the United States, but Denny's denies that Plaintiff has any

viable claim hereunder.

**COMPLAINT ¶11:**

This Court has original jurisdiction over the subject matter of this action pursuant to 28

U.S.C. §§ 1331 and 1338(a).

**ANSWER:**

Denny's admits that this Court has jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. §  1331 and 1338(a), but denies the legal sufficiency of Plaintiff's claims

and allegations.

**COMPLAINT ¶12:**

Upon information and belief, each of the Defendants is subject to this Court's general
and/or specific personal jurisdiction because it (a) is a resident of the State of Texas; and/or (b)
has designated an agent for service of process in the State of Texas; and/or (c) has committed
acts of infringement in the State of Texas as alleged below; and/or (d) is engaged in continuous
and systematic activities in the State of Texas.  Therefore, this Court has personal jurisdiction
over each of the Defendants under the Texas long-arm statute, TEX. CIV. PRAC. & REM.
CODE §17.042.

**ANSWER:**

Denny's admits that this Court has personal jurisdiction over it under the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, but denies the legal sufficiency of Plaintiff's claims and allegations.  Denny's denies that it has committed acts of infringement in the State of Texas as alleged in the Complaint.  Denny's denies the remaining allegations of Paragraph 12 of the Complaint as they relate to Denny's.  Denny's is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint as they relate to the other Defendants, and therefore denies those allegations.

**COMPLAINT ¶13:**

Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each of the Defendants has a regular and established place of business in this district, and/or has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

**ANSWER:**

Denny's admits that Paragraph 13 purports to bring an action for patent infringement arising under the patent laws of the United States, but Denny's denies that Plaintiff has any viable claim thereunder.

**THE PATENT-IN-SUIT**

**COMPLAINT ¶14:**

On July 18, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,091,956 ("the '956 patent") entitled "Situation Information System," a true copy of which is attached as Exhibit A.

**ANSWER:**

Denny's admits that U.S. Patent No. 6,091,956 (the "956 Patent"), attached to the Complaint as Exhibit A, was issued on July 18, 2000 and is entitled "Situation Information System."

15198072v.3

**COMPLAINT ¶15:**

LBSI is the owner by assignment of the '956 Patent and owns all right, title and interest in the '956 Patent, including the right to sue for and recover all past, present and future damages for infringement of the '956 Patent.

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 15 of the Complaint, and therefore denies those allegations.

### CLAIM 1 – INFRINGEMENT OF U.S. PATENT NO. 6,091,956

**COMPLAINT ¶16:**

Defendant Alfred Angelo has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented http://www.alfredangelo.com/, which has a store, dealer, or station location interface at http://www.alfredangelo.com/stores/storelocator.aspx ("Store Locator").

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 16 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶17:**

In addition and/or in the alternative, Alfred Angelo has been and/or is now indirectly infringing more or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271(b), by inducing visitors to its website and Store Locator ("End Users") to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality. Alfred Angelo induces such infringement by at least making its website available to End Users and providing links and/or other directions on its website and/or the internet for End Users to visit its Store Locator. Alfred Angelo engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity encourages End Users to directly infringe the '956 Patent.

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 17 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶18:**

Defendant Ben & Jerry's has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented http://www.benjerry.com/, which has a store, dealer, or station location interface at http://www.benjerry.com/scoop-shops/scoop-shop-locator ("Store Locator").

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 18 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶19:**

In addition and/or in the alternative, Ben & Jerry's has been and/or is now indirectly infringing more or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271(b), by inducing visitors to its website and Store Locator ("End Users") to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality. Ben & Jerry's induces such infringement by at least making its website available to End Users and providing links and/or other directions on its website and/or the internet for End Users to visit its Store Locator. Ben & Jerry's engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity encourages End Users to directly infringe the '956 Patent.

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 19 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶20:**

Defendant Denny's has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented http://www.dennys.com/, which has a store, dealer, or station location interface at www.dennys.com/stores/#/location and www.dennys.com/#/location ("Store Locator").

**ANSWER:**

Denied.

**COMPLAINT ¶21:**

In addition and/or in the alternative, Denny's has been and/or is now indirectly infringing more or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271(b),

by inducing visitors to its website and Store Locator ("End Users") to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality. Denny's induces such infringement by at least making its website available to End Users and providing links and/or other directions on its website and/or the internet for End Users to visit its Store Locator. Denny's engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity encourages End Users to directly infringe the '956 Patent.

**ANSWER:**

Denied.

**COMPLAINT ¶22:**

Defendant Jo-Ann Stores has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented http://www.joann.com/,which has a store, dealer, or station location interface at http://hosted.where2getit.com/joann ("Store Locator").

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 22 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶23:**

In addition and/or in the alternative, Jo-Ann Stores has been and/or is now indirectly infringing more or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271(b), by inducing visitors to its website and Store Locator ("End Users") to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality. Jo-Ann Stores induces such infringement by at least making its website available to End Users and providing links and/or other directions on its website and/or the internet for End Users to visit its Store Locator. Jo-Ann Stores engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity encourages End Users to directly infringe the '956 Patent.

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 23 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶24:**

Defendant Pilot has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the

8

United States the computer implemented http://www.pilotflyingj.com/, which has a store, dealer, or station location interface at http://www.pilotflyingj.com/locations ("Station Locator").

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 24 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶25:**

In addition and/or in the alternative, Pilot has been and/or is now indirectly infringing more or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271(b), by inducing visitors to its website and Station Locator ("End Users") to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality. Pilot induces such infringement by at least making its website available to End Users and providing links and/or other directions on its website and/or the internet for End Users to visit its Station Locator. Pilot engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity encourages End Users to directly infringe the '956 Patent.

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 25 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶26:**

Defendant Randall's has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented http://www.randalls.com/ShopStores/Home.page, which has a store, dealer, or station location interface at http://www.randalls.com/ShopStores/Store-Locator-Results ("Store Locator").

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 26 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶27:**

In addition and/or in the alternative, Randall's has been and/or is now indirectly infringing more or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271(b), by inducing visitors to their website and Store Locator ("End Users") to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality. Randall's induces such infringement by at least making its website available to End Users and

providing links and/or other directions on their website and/or the internet for End Users to visit its Store Locator. Randall's engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity encourages End Users to directly infringe the '956 Patent.

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 27 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶28:**

Defendant The Cheesecake Factory has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the United States the computer implemented http://www.thecheesecakefactory.com/, which has a store, dealer, or station location interface at http://www.thecheesecakefactory.com/Locations/locations ("Store Locator").

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 28 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶29:**

In addition and/or in the alternative, The Cheesecake Factory has been and/or is now indirectly infringing more or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271(b), by inducing visitors to their website and Store Locator ("End Users") to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality. The Cheesecake Factory induces such infringement by at least making its website available to End Users and providing links and/or other directions on their website and/or the internet for End Users to visit its Store Locator. The Cheesecake Factory engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity encourages End Users to directly infringe the '956 Patent.

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 29 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶30:**

Defendant Tom Thumb has been and now is directly infringing one or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271, by making and/or using in the

United States the computer implemented http://www.tomthumb.com, which has a store, dealer, or station location interface at www.tomthumb.com/ShopStores/Store-Locator-Results ("Store Locator").

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the averments contained in Paragraph 30 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶31:**

In addition and/or in the alternative, Tom Thumb has been and/or is now indirectly infringing more or more claims of the '956 Patent, including Claim 11, in violation of 35 U.S.C. § 271(b), by inducing visitors to their website and Store Locator ("End Users") to directly infringe the '956 Patent, including Claim 11, through their use of the infringing instrumentality. Tom Thumb induces such infringement by at least making its website available to End Users and providing links and/or other directions on their website and/or the internet for End Users to visit its Store Locator. Tom Thumb engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity encourages End Users to directly infringe the '956 Patent.

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the averments contained in Paragraph 30 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶32:**

Each of the above named Defendants has used and/or currently uses a business locator service provided by Where 2 Get It, Inc. ("Where 2 Get It") in connection with their respective Store or Station Locators.

**ANSWER:**

Denny's admits that Where2GetIt, Inc. hosts its Denny's locator  function.  With respect to the remaining allegations in Paragraph 32, Denny's does not have knowledge or information sufficient to admit or deny the averments contained in Paragraph 32 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶33:**

Because of their use of the business locator service provided by Where 2 Get It in connection with their respective Store or Station Locators, Defendants' actions are part of the

11

same transaction, occurrence, or series of transactions or occurrences and there is a logical relationship between the claims asserted against the Defendants such that there is substantial evidentiary overlap in the facts giving rise to the cause of action against each Defendant.

**ANSWER:**

Denny's does not have knowledge or information sufficient to admit or deny the

averments contained in Paragraph 33 of the Complaint, and therefore denies those allegations.

**COMPLAINT ¶34:**

As a direct and proximate consequence of the acts and practices of each of the Defendants in infringing, directly and/or indirectly one or more claims of the '956 Patent, LBSI has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

**ANSWER:**

To the extent Paragraph 34 is directed to Denny's, Denny's denies the allegations.  With

respect to the remaining allegations in Paragraph 34, Denny's does not have knowledge or

information sufficient to admit or deny the averments contained in Paragraph 34 of the

Complaint, and therefore denies those allegations.

**COMPLAINT ¶35:**

The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to LBSI.

**ANSWER:**

Denied.

**COMPLAINT ¶36:**

This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285, and LBSI is thus entitled to an award of its reasonable attorneys' fees.

**ANSWER:**

Denied.

15198072v.3

## DEMAND FOR JURY TRIAL

Denny's admits that Plaintiff requests a trial by jury of any issues so triable, and Denny's hereby also requests a trial by jury pursuant to Rule 38 of the Federal Rules of Procedure.

## GENERAL DENIAL

Except as expressly admitted herein, Denny's denies each and every allegation contained in Plaintiff's Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

1.      Denny's denies that it has infringed any valid and enforceable claim of the '956 Patent;

2.      Denny's denies that Plaintiff has been damaged by Denny's for any purported infringement of the '956 Patent;

3.      Denny's denies that Plaintiff is entitled to pre-judgment and post-judgment interest on any purported damages;

4.      Denny's denies that this is an exceptional case and that Plaintiff should be granted reasonable attorneys' fees in accordance with 35 USC § 285.

5.      Denny's denies Plaintiff is entitled to costs; and

6.      Denny's denies that Plaintiff is entitled to any relief as against Denny's.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, Denny's asserts the following defenses to Plaintiff's Complaint:

13

**FIRST DEFENSE**
**(Failure to State a Claim)**

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted

against Denny's.

**SECOND DEFENSE**
**(Noninfringement)**

2.      Denny's has not infringed and does not infringe the '956 Patent, either directly or

indirectly, literally, by inducement, or under the doctrine of equivalents.

**THIRD DEFENSE**
**(Invalidity)**

3.      On information and belief, the '956 Patent is invalid for failure to satisfy the

conditions of patentability as specified under one or more sections of Title 35 of the United

States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, or 112.

**FOURTH DEFENSE**
**(Prosecution History Estoppel)**

4.      Plaintiff is estopped by reason of prosecution history estoppel from asserting

infringement of the '956 Patent under the doctrine of equivalents.

**FIFTH DEFENSE**
**(Laches or Prosecution Laches)**

5.      Plaintiff's claims are barred in whole or in part by the doctrine of laches or the

doctrine of prosecution laches.

**SIXTH DEFENSE**
**(Waiver)**

6.      Plaintiff's claims are barred in whole or in part by waiver.

**SEVENTH DEFENSE**
**(Estoppel)**

7.      Plaintiff's claims are barred in whole or in part by estoppel.

15198072v.3

**EIGHTH DEFENSE**
**(Adequate Remedy at Law)**

8.    Plaintiff is not entitled to injunctive relief because any alleged injury to the

Plaintiff is not immediate, irreparable, and Plaintiff has an adequate remedy at law.

**NINTH DEFENSE**
**(Limitations on Damages)**

9.    Plaintiff's claims for damages, if any, against Denny's are statutorily limited by

35 U.S.C. § 287.

**TENTH DEFENSE**
**(Costs Barred)**

10.    Plaintiff is barred from recovering costs in connection with this action under 35

U.S.C. § 288.

**ELEVENTH DEFENSE**
**(Lack of Standing)**

11.    Plaintiff does not have standing to bring an action for infringement of the '956

Patent under the Patent Laws of the United States.

**TWELFTH DEFENSE**
**(No Exceptional Case)**

12.    Plaintiff cannot prove that this is an exceptional case justifying award of attorney

fees against Denny's pursuant to 35 U.S.C. § 285.

13.    Denny's reserves any and all rights to amend its Answer and Defenses to

Plaintiff's Complaint and to add additional defenses as they become apparent.

**PRAYER FOR RELIEF**

WHEREFORE, Denny's requests judgment in its favor and against Plaintiff as follows:

(i)    Plaintiff recovers nothing and its Complaint be dismissed with prejudice;

(ii)    The Court deny any injunctive relief in favor of Plaintiff and against Denny's;

(iii)   The Court declare that Denny's has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any claim of the '956 Patent;

(iv)   The Court declare and order that the '956 Patent is invalid;

(v)    The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Denny's its reasonable attorney fees in this action;

(vi)   All costs be taxed against Plaintiff; and

(vii)  Denny's be granted such other and further relief as the Court deems just and proper.

Dated: February 7, 2013                        Respectfully submitted,

                                               _/s/ Daniel J. Schwartz_____

                                               Daniel J. Schwartz
                                               SEYFARTH SHAW LLP
                                               131 S. Dearborn Street - Suite 2400
                                               Chicago, Illinois 60603
                                               Telephone: (312) 460-5000
                                               Facsimile: (312) 460-7000
                                               dschwartz@seyfarth.com

                                               **ATTORNEYS FOR DEFENDANT DENNY'S, INC. D/B/A DENNY'S RESTAURANTS, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served via email and/or electronic download on counsel of record for all parties, this 7th day of February, 2013.

                                   By:   _/s/ Daniel J. Schwartz_____
                                         Daniel J. Schwartz

16